**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CORY CALDWELL,

                            Plaintiff,

       - v -                                      Civ. No. 9:09-CV-576
                                                            (LEK/RFT)

K. CROSSETT, *Corrections Officer*; J. DISHAW,
*Corrections Officer*; KELSH, *Corrections Sergeant*,

                            Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

CORY CALDWELL
07-A-6900
Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ANDREW M. CUOMO                   ADRIENNE J. KERWIN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     *Pro se* Plaintiff Cory Caldwell brought this civil rights action, pursuant to 42 U.S.C. §§ 1983 and 1985, claiming that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Dkt. No. 1, Compl. Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. No. 17, which Plaintiff opposes, Dkt. No. 18. For the reasons that follow, it is recommended that Defendants' Motion to Dismiss be **granted** and the entire Complaint be **dismissed**.

## I. FACTS

In accordance with the standard used in assessing a motion to dismiss, *see infra* Part II.A, the following facts are derived from the Complaint and are taken as true.

On December 27, 2008, while incarcerated at Upstate Correctional Facility, Plaintiff was advised he had a visit, was placed in mechanical restraints, and was taken out of his cell. Compl. at ¶¶ 10-11. Defendant K. Crossett conducted a pat-frisk, during which he grabbed Plaintiff's testicles. *Id*. at ¶ 12. Plaintiff protested, to which Defendants Crossett and Dishaw reacted by throwing Plaintiff up against the wall. *Id*. After an exchange of words, Defendant Crossett resumed the pat-frisk and again grabbed Plaintiff's testicles. *Id*. at ¶ 13. Plaintiff reacted with a verbal expression of his anger. *Id*. Plaintiff was then escorted to a holding cell where he explained to Defendant Kelsh what had transpired. *Id*. at ¶ 14. Defendant Kelsh took photographs of Plaintiff and inquired whether he had sustained any serious injuries. *Id*. Plaintiff stated he had sharp pains in his groin area. *Id*. However, Plaintiff recanted this statement upon being informed that his visit could be terminated. *Id*. Despite this retraction, Defendant Dishaw cancelled the visit, claiming Plaintiff had enough excitement for one day. *Id*. at ¶ 15.[1]

The next day, on December 28, 2008, Plaintiff was issued a misbehavior report, authored by Defendant Crossett, for violating rules 106.10, Direct Order, 115.10, Frisk Procedures, 107.10, Interference, and 104.13, Disturbance. *Id*. at ¶ 17. On January 9, 2009, Plaintiff attended a disciplinary hearing on the Crossett Misbehavior Report, to which he pled not guilty to all rule violations. *Id*. at ¶ 18. The presiding hearing officer, who is not named in the Complaint, found

---

[1] Plaintiff claims that on some unspecified date, he was escorted to the medical office due to his unspecified medical complaints. Compl. at ¶ 16. Plaintiff was asked to provide a urine sample, but he never received the results or diagnosis. *Id*. Plaintiff "grieved" the unnamed medical staff. It is unclear how this poorly developed allegation of fact relates to the three named Defendants.

Plaintiff guilty of violating rules 107.10, Interference, and 106.10, Direct Order; he was found not guilty of all other rule violations. *Id*. at ¶ 19. At the conclusion of the hearing, Plaintiff received ninety (90) days in the special housing unit (SHU), with corresponding loss of privileges, and seven (7) days on a special diet loaf. *Id*. This disposition was thereafter affirmed on appeal. *Id*. at ¶¶ 20-21. Plaintiff also filed grievances against Defendants Crossett and Dishaw for sexual assault and failure to intervene. *Id*. at ¶ 22. These grievances were denied at every level, including the Cental Office Review Committee (CORC). *Id*. at ¶¶ 23-24. Other written complaints have also been sent to the Inspector General and the New York State Department of Correctional Services (DOCS) Commissioner. *Id*. at ¶¶ 25-28.

## II. DISCUSSION

### A. Motion to Dismiss Standard

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is

*integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (emphasis added).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1960 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . .

. across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950-51.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint.

### B. Eighth Amendment Claims

Plaintiff claims his Eighth Amendment rights were violated when he was sexually assaulted by Defendant Crossett and that Defendant Dishaw abetted the effrontery when he failed to intervene. Plaintiff claims that all Defendants acted negligently, intentionally, maliciously, willfully, and with criminal negligence, causing Plaintiff serious pain around his groin area. Compl. at ¶¶ 29-36. Plaintiff does not elaborate on the pain he endured.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d Cir. 2003)). To state an Eighth Amendment claim, an inmate must prove two components: (1) objectively, the alleged punishment or act is sufficiently serious such that it violates contemporary standards of decency; and (2) subjectively, the prison official must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Second Circuit has held that the "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). Nevertheless, the isolated incident described by Plaintiff in his Complaint does not rise to the level of harm encompassed in Eighth Amendment jurisprudence. Indeed, the singular incident of groping Plaintiff's testicles,

while clearly improper, is not one that would violate contemporary standards of decency and cause physical and psychological harm. *See Boddie v. Schnieder*, 105 F.3d at 861 (holding that a "small number of incidents in which [the inmate] allegedly was verbally harassed, touched, and pressed against without his consent" were not, in isolation nor taken together, objectively serious enough to invoke the protections afforded under the Eighth Amendment); *Moncrieffe v. Witbeck*, 2000 WL 949457, at *5 (N.D.N.Y. June 29, 2000) (dismissing inmate's sexual harassment claim based on two incidents of improper touching during pat frisks as failing to state a cognizable Eighth Amendment claim).[2]

Accordingly, we find that, as a matter of law, Plaintiff has failed to allege a violation of his Eighth Amendment rights based on the purported sexual harassment during the pat frisks.

Though unclear, to the extent Plaintiff alleges an Eighth Amendment violation based on the force used during the pat frisk, we similarly find he has failed to state a claim for relief. To validly assert a violation of the Eighth Amendment through the use of excessive force, an inmate must prove two components: (1) subjectively, that the Defendant acted wantonly and in bad faith, and (2) objectively, that the Defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v.*

---

[2] The Court notes that in a multitude of cases, allegations of sexual abuse during pat frisks were found not to have implicated the Eighth Amendment:

> *Davis v. Castleberry*, 364 F. Supp. 2d 319, 321 (W.D.N.Y. 2005) (allegation that correctional officer grabbed inmate's penis during pat frisk insufficient to state constitutional claim); *Montero v. Crusie*, 153 F. Supp. 2d 368 (S.D.N.Y. 2001) (allegation that, on several occasions, correctional officer squeezed inmate's genitalia while pat frisking him did not show sufficiently serious deprivation to establish Eighth Amendment violation, particularly when inmate did not allege that he was physically injured by such conduct); *Williams v. Keane*, No. 95 Civ. 0379, 1997 WL 527677, at *11 (S.D.N.Y. Aug. 25, 1997) (allegation that correctional officer put his hand down inmate's pants and fondled inmates genitals during pat frisk failed to state constitutional claim).

*Murray v. Bushey*, 2009 WL 498144, at *6 (N.D.N.Y. Feb. 26, 2009).

*McMillan*, 503 U.S. 1, 8 (1992)). Regarding the objective element, we note initially that " a *de minimis* use of force will rarely suffice to state a constitutional claim[.]" *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993). In that respect, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (quoted in *Hudson v. McMillian*, 503 U.S. at 10). However, the malicious use of force to cause harm constitutes a *per se* Eighth Amendment violation because in such instances "contemporary standards of decency are always violated." *Blyden v. Mancusi*, 186 F.3d at 263 (citing *Hudson v. McMillian*, 503 U.S. at 9). For example, "when a prison guard applies force against a prisoner that poses no reasonable threat simply because the guard loses his or her temper and wishes to wantonly inflict pain on the prisoner, a *per se* violation of the Eighth Amendment occurs." *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 216 (N.D.N.Y. 2001) (citation omitted).

The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d at 1033. To determine whether a defendant acted maliciously, several factors should be examined, including "the extent of the injury and the mental state of the defendant, as well as 'the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.'" *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano v. Howarth*, 998 F.2d at 105).

In the case at bar, Plaintiff asserts that at some point during the pat frisk, he protested the

manner in which the pat frisk was being carried out.  Compl. at ¶¶ 1-2 & 12-13.  In response, Defendants Crossett and Dishaw threw or slammed Plaintiff up against the wall and continued the search.  *Id*.  Again we find, as a matter of law, that this incident of slamming Plaintiff against the wall amid his protest to allow the search to go forward does not rise to an Eighth Amendment violation.  By Plaintiff's own admission, Defendants utilized force to ensure compliance with their orders and there is no indication that such force was imposed maliciously and sadistically to cause harm.  *See Whitley v. Albers*, 475 U.S. at 319-20.  We therefore recommend that all Eighth Amendment claims be **dismissed**.

### C.  Other Claims

Plaintiff included Sergeant Kelsh as a Defendant in this action, yet it is difficult for this Court to decipher the basis for his alleged liability.  Plaintiff intimates that he complained to Sergeant Kelsh about the pat frisk.  It appears that Kelsh responded by arranging photos to be taken along with a statement.  Compl. at ¶ 14.  Beyond that, it is unclear what role Kelsh played in violating Plaintiff's constitutional rights.  To the extent Plaintiff seeks to hold Kelsh liable based on his supervisory role,[3] in light of our finding that no Eighth Amendment violation was perpetrated by the subordinate Defendants, no supervisory liability may ensue.  *See, e.g., Murphy v. New York Racing Ass'n Inc.*, 76 F. Supp. 2d 489, 500 (S.D.N.Y. 1999) (noting that in stating a valid § 1983 claim under a theory of supervisory liability, a plaintiff must first show that the supervisor's subordinates

---

[3] Because *respondeat superior* does not apply in § 1983 actions, personal involvement is essential in establishing a constitutional violation.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  A supervisory defendant may be personally involved in a constitutional deprivation if he: (1) directly participated in the alleged infraction; (2) after learning of the violation, failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue; or (4) was grossly negligent in managing subordinates who caused the unlawful condition or event.  *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted).  Because we found no unconstitutional or unlawful conduct ensued, no supervisory liability exists.

violated the plaintiff's constitutional rights). Similarly, it cannot be said that the three Defendants colluded to violate Plaintiff's rights since there is no plausible constitutional violation asserted in the Complaint.[4]

Plaintiff also included information in his Complaint regarding a misbehavior report he was issued from Defendant Crossett based on the pat frisk incident and further mentions the disciplinary hearing that ensued and the disciplinary disposition he received. Even upon the most liberal reading of the Complaint, the Court has not been able to glean a constitutional violation. To the extent Plaintiff alleges he was falsely accused in the misbehavior report, we note that prison inmates do not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 950 (2d Cir. 1986). We further note that no where in his Complaint does Plaintiff assert or intimate that the misbehavior report was issued as retaliation for his engagement in a protected right. We also see no basis to examine the process received during the hearing since Plaintiff does not identify a single instance of deprivation in conjunction with that hearing, nor does he name the hearing officer as a defendant.

---

[4] Plaintiff states he brings this action pursuant to 42 U.S.C. § 1985. The relevant portion of § 1985 states, If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . , if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C. § 1985(3).

To state a claim under § 1985(3), a plaintiff "must allege, *inter alia*, that the defendants who allegedly conspired sought, with *discriminatory intent*, to deprive the plaintiff of a right covered by the Constitution or other laws." *Hill v. Philip Morris USA*, 2004 WL 1065548, at *4 (emphasis in original) (quoting *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990) (other citations omitted)). A claim of conspiracy under this subsection must include more than conclusory allegations. *Dwares v. City of New York*, 985 F.2d 94, 99-100 (2d Cir. 1993).

Finally, to the extent Plaintiff's Complaint can be read as raising state claims of sexual harassment, battery, and/or negligence, based upon our recommendations of dismissal of the federal claims, we recommend that the Court decline to exercise supplemental jurisdiction over such state claims. 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Defendants' Motion to Dismiss (Dkt. No. 17) be **granted** and Plaintiff's entire Complaint be **dismissed**; and it is further.

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: May 24, 2010
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge